Philip KRAFT, as Representative of the Membership of Ironworkers Local Union No. 89 of the International Association of Bridge, Structural and Ornamental Ironworkers, Appellant,

v.

EL VIEW CONSTRUCTION, INC., Appellee.

No. 85–570.

Supreme Court of Iowa.

Oct. 15, 1986.

Rehearing Denied Nov. 7, 1986.

Robert F. Wilson, Cedar Rapids, for appellant.

Minor Barnes and Matthew G. Novak, Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and Mc-GIVERIN, LARSON, CARTER, and LA-VORATO, JJ.

HARRIS, Justice.

Plaintiff labor union brought this action to challenge a judgment entered against it as a cross-defendant in a tort suit. The trial court and court of appeals found no merit in the suit and neither do we.

Donovan Tharp, an ironworker employed by Interstate Erectors, Inc., was injured while working at a construction site in Iowa City on October 22, 1976. Tharp was working on an iron column suspended about eighteen feet from the ground. A crane operator employed by El View Construction Company was moving a payload of steel reinforcing rods and inadvertently bumped the column. Tharp lost his balance, fell to the ground, and was pinned by the weight of the collapsing column. He suffered multiple fractures and extensive nerve damage to his leg, an injured pelvis, head injuries and damage to a kidney. On September 14, 1978, Tharp and his wife filed a personal injury suit in district court against El View Construction Company.

On January 11, 1980, El View filed a cross-petition against various subcontractors and against Tharp's union. The union is the plaintiff in the present suit. The cross-petition sought indemnity for any damages which the Tharps might later recover from El View. The theory of the cross-petition was that the union had negligently supplied a workman (Tharp) with "defective eyesight," incapable of exercising the skills required on the project. A copy of the cross-petition and an original notice were served on the business agent for the union, Philip Kraft, at the union's Cedar Rapids office. The cross-petition did not name Kraft or any other agent, officer or member of the union as a third-party defendant and was not filed as a class action.

When the cross-petition and original notice were served on Kraft he consulted the union's legal counsel, Robert F. Wilson of Cedar Rapids. Wilson also represented Tharp and his wife as plaintiffs in the suit. Wilson told Kraft the cross-petition was not brought as a class action and, because the business agent and officers of the union had not been named personally or in their representative capacities, they did "not [need] to worry about it." As a result the union ignored the cross-petition and failed to appear specially or to move or plead in response to it.

On October 30, 1980, El View filed a motion for default against the union. A default was entered and copies of the motion and the default judgment were sent to all counsel of record, including Robert F. Wilson. On February 17, 1981, a judgment was entered in favor of El View Construction Company on its cross-petition against the union for any portion of Tharp's recovery paid by El View. Again copies of the court's action were mailed to all counsel of record.

Nine months later, on December 1, 1981, El View's motion assessing damages in the amount of $172,436.71 against the defaulting union was granted. The judgment consisted of amounts paid to the Tharps by El View in settlement of the claim as well as attorney fees and costs incurred in defending the case.

Finally, on December 23, 1981, the union responded. It first attacked the judgment directly. Attorney Robert F. Wilson filed a motion to set aside the default judgment and assessment of damages. The union's motion raised claims that might well have been asserted earlier: (1) it was suable only in a class action; and (2) the cross-petition had erroneously failed to name an agent, officer, or member of the union as third-party defendant. The motion also complained of the court's failure to comply with rules of civil procedure 42 and 47 by conducting a hearing to determine the union's status or to define it as a class, and its failure to appoint an attorney to represent the association.

In a ruling filed March 30, 1982, the trial court held it could not reach the merits under Iowa rules of civil procedure 236 or 252 because the motion was untimely. Rule 236 allows an aggrieved party sixty days after default, "for good cause shown," to have it set aside. Rules 252 and 253 allow "one year after rendition of judgment" for such relief. According to the ruling, relief was also barred by the union's failure to serve an original notice on an adverse party as required by rule 253.

The ruling nevertheless reached the merits of the union's motion. It did so by considering it as a collateral attack on the February 17, 1981 judgment. The motion was then rejected on its merits. We are spared the task of reviewing the ruling because the union did not appeal from it.

Instead the union brought this original action in equity seeking an injunction from enforcing the judgment. This action was filed February 4, 1983, more than two years after the entry of default. In this collateral suit the union again alleged that the district court's default judgment was entered without personal jurisdiction because it had not complied with rules 42 and 47. It alleged El View wrongfully caused a general execution to be issued by the sheriff with knowledge that the judgment executed was "void for lack of jurisdiction." Damages of $10,000 were sought.

Upon trial of the present case the trial court entered judgment for defendants. It found that the court had in personam and subject matter jurisdiction over the union when it entered its December 1981 judgment. It therefore concluded that the ruling on the motion to set aside the judgment had preclusive effect and was res judicata. The union's posttrial motion for a new trial was denied and this appeal followed. The court of appeals affirmed and we granted further review.

■ I. There may at one time have been some force to the union's defense. *See United Packing House Workers of America v. Boynton,* 240 Iowa 212, 218, 35 N.W.2d 881, 885–86 (1949). We need not and should not decide the question because it was waived. Iowa rules of civil procedure 66 and 104 require that challenges to a court's personal jurisdiction be raised by a special appearance, entered before taking any part in a case or filing a motion, written appearance or a pleading. *See also Engelson v. Mallea,* 180 N.W.2d 127, 130 (Iowa 1970).

Any validity in the original merits of the union's claim has however entirely dissipated. By the time the union brought this suit the position it now urges had already been adjudicated as lost. The doctrine of issue preclusion "prevents parties to a prior action in which judgment has been entered from relitigating in a subsequent action issues raised and resolved in the previous action." *Hunter v. City of Des Moines,* 300 N.W.2d 121, 123 (Iowa 1981); *see also Restatement (Second) of Judgments* § 68 (Tent. Draft No. 4, 1977); *Heidemann v. Sweitzer,* 375 N.W.2d 665, 667 (Iowa 1985). Before issue preclusion is employed in a case, however, four prerequisites must be satisfied:

**368**

(1) The issue concluded must be identical;

(2) The issue must have been raised and litigated in the prior action;

(3) The issue must have been material and relevant to the disposition of the prior action; and

(4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Israel v. Farmers Mutual Insurance Association of Iowa,* 339 N.W.2d 143, 146 (Iowa 1983) *citing Aid Insurance Co. v. Chrest,* 336 N.W.2d 437 (Iowa 1983) and *Hunter, supra,* at 123; *see also Bertran v. Glens Falls Insurance Co.,* 232 N.W.2d 527, 533 (Iowa 1975).

The four quoted elements of issue preclusion were clearly satisfied here. (1) The issue in dispute is whether the district court entering judgment had in personam jurisdiction over the union (when sued only in its common name). The same question was squarely addressed in the ruling on the union's December 23, 1981 motion to set aside the default judgment and answered in the affirmative. (2) The question was squarely "raised" in the union's December 23, 1981 motion and was "litigated" when the motion was submitted. (3) The issue was obviously material and relevant in the prior action. (4) It was in fact the crux of the prior holding and was therefore necessary and essential to the resulting judgment.

The union's attempt to relitigate issues of personal jurisdiction is barred by the doctrine of issue preclusion. The trial court was correct in so holding.

II. Robert F. Wilson's simultaneous representation of the plaintiff and the cross-defendant is a matter we do not address in this opinion. It may however be the subject of a separate inquiry.

DECISION OF COURT OF APPEALS AND JUDGMENT OF DISTRICT COURT AFFIRMED.