Charles L. FISHER, Individually; Brenda L. Fisher, Individually; and Brenda L. Fisher, Natural Parent, Legal Guardian and Next Friend of Tiffany Fisher and of Suzanne Fisher, Appellees,

v.

KELLER INDUSTRIES, INC. and R.C.'s Hardware, Inc., Defendants,

and

The Hartford Insurance Company, Appellant.

No. 91–174.

Supreme Court of Iowa.

May 13, 1992.

As Amended on Denial of Rehearing June 18, 1992.

M. James Daley of Shull, Cosgrove, Hellige, Du Bray & Lundberg, Sioux City, for appellant.

Richard J. Barry of Greer, Montgomery, Barry & Bovee, Spencer, for appellees.

Considered by HARRIS, P.J., and LARSON, LAVORATO, SNELL, and ANDREASEN, JJ.

HARRIS, Presiding Justice.

A workers' compensation insurance carrier claimed a lien on a third-party recovery obtained by an injured worker. The appeal and cross-appeal present questions concerning the nature and extent of the insurer's rights of indemnification.

Plaintiff Charles L. Fisher was injured when he fell from a ladder while working for the city of Spencer. Appellant The Hartford Insurance Company, which provided workers' compensation insurance for the city, paid a total of $82,621.37 in disability and medical benefits to Fisher.

Fisher filed a third-party action[1] against Keller Industries, Inc. and R.C.'s Hardware, Inc., the manufacturer and the retailer of the ladder involved in the fall. Hartford filed a notice of lien pursuant to Iowa Code section 85.22 (1985), seeking to preserve its rights to any recovery Fisher might receive. Fisher's third-party claim was tried to a jury which found that Fisher sustained $182,134 in damages. The jury apportioned fifty percent of the fault to Fisher and fifty percent of the fault to Keller Industries. A judgment totaling $91,067 was accordingly entered in favor of Fisher. A verdict and judgment were also entered in favor of Fisher's wife and children for spousal and parental loss of consortium claims they had brought. Hartford released any claim of lien against these awards and they are not involved in this appeal. The district court thereafter directed the clerk to allow interest on the judgment in Fisher's favor at ten percent from the date Fisher filed his petition.

Keller Industries appealed and the judgment was affirmed by the court of appeals. We denied Keller Industries' application for further review.

Fisher then filed a "petition for declaratory judgment determining extent of lien" in the same case as his third-party action. Hartford was never served with an original notice though it did receive a copy of the petition. In the petition Fisher raised several issues concerning the amount of Hartford's claim. They included: (1) whether the lien should be reduced by the fifty percent comparative fault attributable to Fisher; (2) whether the lien should be reduced by expenses incurred in prosecuting the case; (3) the amount of any interest due Hartford; and (4) whether Hartford is entitled to a credit for future benefits.

Hartford moved to dismiss the petition for declaratory judgment, alleging lack of personal and subject matter jurisdiction. The district court overruled the motion and thereafter entered judgment, determining Hartford was entitled to $37,902.31 of Fisher's recovery. This amount was based in

---

**1.** In the context of workers' compensation claims a third-party action is an action filed by an employee against a party other than an employer. Iowa Code § 85.22 (1989).

part on disputed adjustments which make up the issues in this appeal.

The district court limited Hartford's lien to Fisher's $91,067 recovery and made deductions from that amount. The court first deducted $36,426.80 for the cost of Fisher's attorney fees, a forty percent contingency fee which is not challenged on appeal. The court also reduced Hartford's lien by $17,-876.61, the amount of litigation expenses advanced by Fisher's attorneys.

■ I. Although Hartford contends otherwise, the district court had personal jurisdiction over Hartford. The fact that Hartford was not served with an original notice of Fisher's petition for declaratory judgment would normally be fatal to jurisdiction. Compliance with Iowa rule of civil procedure 50 (service of original notice and petition) is necessary for a court to obtain personal jurisdiction over a defendant. *E.g., Marks v. Shinrone, Inc.,* 220 N.W.2d 889, 891 (Iowa 1974).

Under former law, a person challenging jurisdiction was required to make a special appearance. *Kraft v. El View Constr., Inc.,* 394 N.W.2d 365, 367 (Iowa 1986). In 1987 the special appearance was eliminated in Iowa. Iowa R.Civ.P. 66. Challenges to the district court's personal jurisdiction may now be asserted in a pre-answer motion, in the answer, or in an amendment to the answer made within twenty days after service of answer. *Id.*

Abolition of the special appearance does not change the basic and universal rule that there are only two ways to acquire personal jurisdiction: (1) by service of process on the defendant; or (2) by defendant's voluntary appearance and submission. *See* 5 Am.Jur.2d *Appearance* § 9, at 486 (1962); 6 C.J.S. *Appearances* § 39, at 61 (1975).

Fisher asserts that a number of positions taken by Hartford in presenting its lien to the district court constituted a general appearance and submission to personal jurisdiction. We agree with respect to at least one of them and need not consider the others. Hartford appeared voluntarily and generally when it filed a request that the district court distribute money from Fisher's recovery to it to the extent of its lien.

Hartford moved to dismiss Fisher's application for declaratory judgment because it had not been served with original notice. But in the same motion Hartford prayed for affirmative relief, claiming it was "entitled by clear provisions of statutory law to immediate distribution of the proceeds of the third-party judgment...."

Hartford cannot have it both ways, challenging jurisdiction and in the same motion asking the court to exercise jurisdiction in its favor. We agree with Fisher that this constituted a general appearance and a submission to jurisdiction.

■ II. Hartford also contends the court lacked subject matter jurisdiction, asserting that exclusive jurisdiction over the issue was with the Iowa division of industrial services. We also find this contention without merit. Disputes over the amount or validity of the right to indemnification have consistently been raised in district court. *March v. Pekin,* 465 N.W.2d 852 (Iowa 1991) (validity of workers' compensation carrier's lien raised by motion in third-party action); *Liberty Mut. Ins. Co. v. Winter,* 385 N.W.2d 529, 530 (Iowa 1986) (action on workers' compensation carrier to enforce its indemnity rights); *Farris v. General Growth Dev. Corp.,* 381 N.W.2d 625, 626 (Iowa 1986) (extent of workers' compensation carrier's lien disputed in third-party action); *Armour–Dial, Inc. v. Lodge & Shipley Co.,* 334 N.W.2d 142, 143 (Iowa 1983) (employer sued for indemnification from employee's settlement with tortfeasor in third-party claim; invalidity of lien did not affect right to indemnification).

■ III. The central disputes in the appeal concern the extent of Hartford's lien. In addressing them it is important to remember that Iowa Code section 85.22 provides alternative methods for recouping benefits an insurer has paid an injured worker. Indemnity, the method undertaken by Hartford, is provided in section 85.22(1). Had Fisher failed to bring a timely action, Hartford could have proceeded with a direct action by virtue of subrogation rights granted under section 85.22(2).

Some, though not all, of the disputed adjustments are affected by the recoupment method employed by Hartford.

One disputed issue is whether Hartford's lien is to be reduced (as Fisher's recovery was) by the percentage of fault allocated to Fisher. We think the trial court was correct in declining to order this reduction. On this issue the distinction between this indemnity case and subrogation cases is significant. In *Bales v. Warren County,* 478 N.W.2d 398 (Iowa 1991), a case involving a subrogation right under a somewhat similar statute, we reduced a subrogation claim by the contributory fault assigned to the injured person. *Id.* at 401. But one claiming by way of subrogation stands in the shoes of the subrogor, and it is reasonable to impose on a subrogee any impediments or limitations faced by the person whose interests have been inherited.

The indemnity rights accorded by Iowa Code section 85.22(1) amount to a direct appropriation of the injured worker's "recovery of damages to the extent of the [insurer's] payment." The statute creates what amounts to an express contract between the insurer and the worker, the first recognized ground for indemnity. *See Iowa Elec. Light & Power Co. v. General Elec. Co.,* 352 N.W.2d 231, 236 (Iowa 1984). The insurer's right of indemnity under this provision is against the worker's entire recovery, which has already been reduced because of the worker's comparative fault. That reduction is not to be factored into the indemnity calculation because there is no correlation between the liability of the third party and the obligation of the insurer to the worker. The trial court was correct in refusing to reduce the indemnity award on the basis of Fisher's comparative fault.

■ IV. The statutory right of indemnity includes interest. Iowa Code § 85.22(1) ("indemnified out of the recovery of damages to the extent of payment so made, with interest"). The parties agree that prejudgment interest was due to Hartford for benefits advanced to Fisher and do not dispute (or at least did not preserve error to dispute) the trial court's calculation which fixed the amount of that interest at

$27,308.26. Hartford's claim for this $27,308.26, when combined with its lien for the $82,621.37 it paid Fisher in benefits, amounts to considerably more than $91,067, the face amount of Fisher's third-party judgment. Statutory interest was ordered to accrue in favor of Fisher on his $91,067 judgment. The trial court held that Hartford's lien is limited to the $91,067 judgment and does not extend to the interest awarded on it. This determination is assigned as error.

The question does not involve Hartford's right to interest on its payments; no one challenges that right. The question focuses on the words in Iowa Code section 85.22(1) which extend and limit the indemnity to Fisher's "recovery of damages." Is interest ordered to accrue on a judgment against a third party a part of the "recovery of damages"? We think the answer is yes.

In several cases we have explained the clear right to interest on judgments and the policy reasoning supporting that right. *See, e.g., Mermigis v. Servicemaster Indus., Inc.,* 437 N.W.2d 242, 249 (Iowa 1989) (interest not a cost but an element of plaintiff's recovery as compensation for lost use of money awarded). This view seems to be universally accepted. Restatement (Second) of Torts § 913, comment a (1979); 22 Am.Jur.2d *Damages* § 648, at 709 (1988). We think the legislature intended for interest awarded on a judgment to be included in the right of indemnity provided in section 85.22(1).

We conclude the trial court was incorrect in determining that the term "recovery of damages" in section 85.22(1) does not include interest awarded on a judgment entered as a recovery on those damages. The judgment must be modified accordingly.

■ V. Fisher incurred expenses of $17,876.61 in his third-party suit and the trial court reduced Hartford's lien by that amount. The trial court was not asked to prorate the expenses, disallowing expenses attributable to the consortium claims of Fisher's family. We limit our review to the question preserved in district court: wheth-

er Hartford is responsible for expenses in Fisher's third-party suit.[2]

Iowa Code section 85.22(1) limits indemnification by allowing a reduction for attorney fees. It does not expressly include other litigation expenses but we think the legislature intended to include them as an adjunct to attorney fees. We note and approve the following:

> The general rule is that the insured may retain out of the fund recovered from the wrongdoer, after payment of the policy, the costs and reasonable expenses incurred in the litigation, for it would be unjust to require him to incur expenses for the recovery of money for the benefit of the insurer, without being allowed to reimburse himself.

44 Am.Jur.2d *Insurance* § 1820, at 808 (1982).

VI. Hartford claims that, under Iowa Code section 85.22(1), it is entitled to a credit for future payments of workers' compensation benefits it will make. The contention is without merit.

Iowa Code section 85.22(1) provides that "the employer ..., or the employer's insurer which paid [the compensation], shall be indemnified out of the recovery of damages *to the extent of the payment so made...."* (emphasis added). We think this provision is significant for resolving Hartford's claim. Iowa Code section 85.-22(1) makes no provision for a credit to the employer or worker's compensation insurance carrier against benefits that will be paid in the future. This is in sharp contrast with Iowa Code section 85.22(2), which makes a specific allowance for future worker's compensation benefits. We see nothing in chapter 85 directing a credit for the payments not made. Hartford's right to indemnification extends only to the payments it made at the time Fisher secured his recovery.

Costs are taxed seventy-five percent to appellant and twenty-five percent to appellee.

AFFIRMED AS MODIFIED AND REMANDED.

---

2. The district court's ruling did not address the possibility of pro-rating the litigation expenses incurred in prosecuting the products liability action brought by Fisher and the loss of consortium actions brought by Fisher's wife and children. No rule 179(b) motion was filed. As a result the issue was not preserved for us to review. *State Farm Mut. Auto. Ins. Co. v. Pflibsen,* 350 N.W.2d 202, 206 (Iowa 1984) (rule 179(b) motion essential to preserve error when trial court fails to resolve any issue, claim, defense, or legal theory properly presented to it).