Steve **SOURBIER**, Appellee,

v.

**STATE of Iowa and Iowa Industrial Commissioner, Appellants.**

No. 92–254.

Supreme Court of Iowa.

April 21, 1993.

Bonnie J. Campbell, Atty. Gen., and Joanne Moeller, Asst. Atty. Gen., for appellants.

Richard B. Maher, Council Bluffs, for appellee.

Considered by LARSON, P.J., and SCHULTZ, LAVORATO, SNELL, and ANDREASEN, JJ.

ANDREASEN, Justice.

Iowa's workers' compensation law provides that an employer, or the employer's insurer, who has paid compensation to an employee, shall be indemnified out of the recovery of damages paid to the injured employee by a third party and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which the employer or insurer is liable. Iowa Code § 85.22(1) (1989). In this case we must decide if the recovery of a damage award for pain and suffering is subject to the statutory lien. In a declaratory judgment action, the district court concluded the statutory lien did not attach to the portion of the judgment for pain and suffering. Appeal was taken from this and other conclusions reached by the district court. We reverse and remand.

I. *Background.*

Steve Sourbier was injured on February 3, 1989, in the course of his employment as a highway patrol officer when his parked patrol car was struck from behind by another vehicle. The State of Iowa as employer paid workers' compensation benefits to Sourbier. Sourbier brought an action against Robert Everett Miller and Betty L. Miller for the personal injuries he suffered. The State filed a lien for workers' compensation benefits paid and to be paid as permitted by Iowa Code section 85.22.

Sourbier also filed a workers' compensation claim with the Iowa Industrial Commissioner (Commissioner) seeking addition-

al benefits. The State had paid $2,633.50 for medical expenses, $2,289.92 for contract leave pay, and $8,498.75 in weekly benefits based upon a five percent partial permanent disability. The total amount paid by the State was $13,422.17. While the workers' compensation claim was pending, the tort action against the Millers was tried to a jury. The jury awarded damages as follows:

| | |
|---|---|
| Past medical expenses | $ 1,140 |
| Future medical expenses | 250 |
| Loss of time—earnings | 2,836 |
| Loss of future earning capacity | 5,000 |
| Loss of function of the body—past | 1,500 |
| Loss of function of the body—future | 5,000 |
| Physical and mental pain and suffering—past | 1,500 |
| Physical and mental pain and suffering—future | 5,000 |
| TOTAL | $22,226 |

The jury found Sourbier twenty percent at fault. On September 18, 1990, after reducing the damage award in proportion to the fault attributed to Sourbier, the court entered judgment for $17,780.80 plus costs and interest.

On April 18, 1991, the Commissioner awarded Sourbier additional workers' compensation benefits. Sourbier was found to have a ten percent permanent partial disability and was awarded fifty weeks of benefits at the rate of $346.10 per week. This award would require the employer to pay an additional $8,498.75 of benefits. His total permanent partial disability award was $17,305. The Commissioner also refused to hear Sourbier's request for a declaratory judgment.[1]

Sourbier then filed a petition for declaratory judgment in district court to determine the State's rights in his third-party award. He conceded the State had an interest in the portion of his third-party award for lost earnings, reduction of future earning capacity, loss of function of the body, and medical expenses awarded by the jury. Sourbier, however, believes the State has no right to the portion of his third-party award for pain and suffering.

The State urges it is entitled to be indemnified for all payments made and is entitled to a lien upon the entire judgment of $17,780 less an allowance for attorney fees and unpaid litigation costs. The State also maintains its claim and lien should not be reduced by twenty percent because of the jury finding that Sourbier was partially at fault.

The district court found the State's lien did not attach to the portion of Sourbier's award for pain and suffering. The court found the State's lien and right to indemnification only extended to medical expenses actually awarded. The court found that the State had a lien on the amount of the jury's award, excluding the award of pain and suffering, and after deducting twenty percent for fault, deducting attorney fees, a one-third contingency fee, and a pro rata share of litigation expenses. Accordingly, the court declared that Sourbier could satisfy the State's lien by payment in the amount of $7790. The State and Commissioner appealed.

## II. *Iowa Code section 85.22.*

The central dispute in this appeal concerns the extent of the State's lien. The issue is whether the State's right to be "indemnified out of the recovery of damages" extends to Sourbier's third-party award for pain and suffering, and medical expenses not awarded by the jury. Also disputed is the reduction in the State's indemnification right for Sourbier's comparative fault.

An employer's statutory right to be indemnified and to have a lien on a judgment

---

1. Because the Commissioner refused to rule on Sourbier's request for a declaratory judgment, he named the Commissioner as a defendant in his petition for declaratory judgment filed in the district court. He requested that if the district court refused to grant a declaratory judgment, the district court should review the Commissioner's denial of his request for a declaratory judgment.

entered upon the employee's third-party tort action is provided in section 85.22(1), which states in part:

> If compensation is paid the employee ... under this chapter, the employer by whom the same was paid, or the employer's insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, with legal interest, except for such attorney fees as may be allowed, by the district court, to the injured employee's attorney ... and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which the employer or insurer is liable.

If the employee fails to bring a third-party action to recover for injuries within ninety days, then the employer or the employer's insurer is subrogated to the rights of the employee. Iowa Code § 85.22(2). Under our statute, this subrogation right allows the employer "to maintain the action against such third party, and may recover damages for the injury to the *same extent that the employee might." Id.* (emphasis added). The statute further provides for distribution of the proceeds to repay the employer for the amount of compensation actually paid by the employer and a sum to pay the present worth of future payments of compensation for which the employer is liable. *Id.* The balance, if any, is then paid to the employee. *Id.*

When determining the employer's rights we look at the language of the statute and the context in which it is used. We have previously held the language of section 85.22(1) providing that "the employer ... shall be indemnified out of the recovery of damages" is ambiguous, because it does not specify the type of damages to which the employer is entitled. *Bertrand v. Sioux City Grain Exch.,* 419 N.W.2d 402, 404 (Iowa 1988). Where the statutory language is ambiguous, the manifest intent of the legislature will prevail over the literal import of the words used. *Id.* We construe the statutory language consistent with our case law. *Id.*

In ascertaining legislative intent we seek a reasonable construction that will serve the purpose of the statute and avoid absurd results. We discussed the purpose of section 85.22(1) in *Johnson v. Harlan Community School District,* 427 N.W.2d 460 (Iowa 1988). In *Johnson,* we stated:

> the purpose of ... section 85.22(1) is to permit the employer to recoup monies it has been required to pay under the provisions of chapter 85 from a tortious third party whose conduct has produced the injury which necessitated such payments.

427 N.W.2d at 462; *see also Sladek v. K Mart Corp.,* 493 N.W.2d 838, 840 (Iowa 1992) (purpose of section 85.22 is to encourage employers to pay bills and benefits with the expectation that they may recoup those payments from responsible third parties). With legislative intent as our polestar, we now turn to the issues presented in this appeal.

### A. Pain and suffering.

The district court concluded the State did not have a lien upon the portion of the judgment that represented a recovery for physical and mental pain and suffering. The court reasoned that pain and suffering were not within the scope of section 85.22 and that the employer was not liable for this item or element of damages. The State urges section 85.22 does not limit the type of damages upon which the employer may impose its lien.

Under workers' compensation law, an employer provides, secures, or pays compensation for any and all personal injuries sustained by an employee arising out of and in the course of the employment, and in such case, the employer is relieved from other liability for recovery of damages or other compensation for such personal injury. Iowa Code § 85.3. Damages for personal injuries generally consist of loss of earnings, medical expenses, and mental and physical pain and suffering. 22 Am.Jur.2d *Damages* § 133 (1988). We have recognized an employee's amount of recovery in a third-party action might be greater than the workers' compensation paid, "since there may be other elements of damage allowed in an action for tort, as, for instance, pain and suffering, etc."

*Black v. Chicago Great W. Ry. Co.*, 187 Iowa 904, 917, 174 N.W. 774, 779 (1919).

■ The term "compensation" has been construed broadly to allow an employer to recover the cost of medicine and hospital services furnished by the employer. *Johnson*, 427 N.W.2d at 461. Likewise, we believe an employer's right to indemnification out of the recovery of *damages* should include the amount allowed for pain and suffering.

Construing section 85.22 to permit the employer to recoup monies from third-party payments received by the employee for pain and suffering furthers the section's primary purpose. Such a construction was recognized in *United States v. Lorenzetti*, 467 U.S. 167, 178, 104 S.Ct. 2284, 2291, 81 L.Ed.2d 134, 145 (1984), where the Court recognized:

the prevailing rule under state workman's compensation statutes is that an employer is fully entitled to be reimbursed from third-party recoveries for pain and suffering, even when the portion of an award attributable to pain and suffering is clearly separable from the portion attributable to economic losses.

This continues to be the prevailing rule in the United States. *See* 2 A. Larson, *Workmens' Compensation Law* § 74.35 (1990). We have suggested a similar result. *See, e.g., Fisher v. Keller Indus., Inc.*, 485 N.W.2d 626, 629 (Iowa 1992) ("right of indemnity under this provision is against the worker's *entire recovery*") (emphasis added); *Hofer v. Bituminous Casualty Corp.*, 260 Iowa 81, 148 N.W.2d 485, 487 (1967) ("compensation carrier is entitled to indemnity from *any amount recovered* by an employee" against a third-party tortfeasor) (emphasis added). Because the employer has a subrogation right under section 85.22(2) to bring an action to recover damages to the same extent the employee might, it is reasonable to construe the indemnification provision of section 85.22(1) to impose a lien on the amount recovered

by the employee for pain and suffering. The district court erred in finding the State did not have a lien on the portion of the judgment for pain and suffering.

### B. Medical expenses.

■ The district court determined the State's lien on medical expenses should only extend to those medical expenses actually awarded by the jury. Here, Sourbier deliberately did not submit to the jury some medical expenses paid by the employer. We conclude the State has a lien for medical expenses actually paid by the employer. The purpose of section 85.22 is to allow indemnification for amounts paid by the employer including medical expense payments. The lien is not limited to the amount awarded by the jury. The district court erred in denying indemnification of the total medical expenses paid by the State.

### C. Employee's comparative fault.

■ The district court determined the State's lien should be reduced by Sourbier's comparative fault as determined by the jury. We have recently decided this issue. In *Fisher*, we were faced with whether an insurer's lien is to be reduced by the percentage of fault allocated to the employee. We held:

The insurer's right of indemnity under [section 85.22(1)] is against the worker's entire recovery, which has already been reduced because of the worker's comparative fault. That reduction is not to be factored into the indemnity calculation because there is no correlation between the liability of the third party and the obligation of the insurer to the worker.

*Fisher*, 485 N.W.2d at 629.[2] Accordingly, we affirmed the trial court's refusal to reduce the indemnity award on the basis of the employee's comparative fault.. The district court erred in reducing the State's lien

**2.** Other states whose workers' compensation statutes are silent as to the effect of an employee's negligence upon the employer's right of recovery have also found that no reduction in the employer's recovery is allowed. *See Land v. George Schmidt Co.*, 122 Mich.App. 167, 333

N.W.2d 30, 31 (1982); *North Dakota by Workmen's Compensation Bureau v. Clary*, 389 N.W.2d 347, 348 (N.D.1986); *Courtright v. Sahlberg Equip. Inc.*, 88 Wash.2d 541, 563 P.2d 1257, 1259 (1977).

by twenty percent for Sourbier's comparative fault.

D. Attorney fees and litigation expenses.

The district court ordered the State's lien reduced for attorney fees and pro rata unreimbursed expenses of litigation. Section 85.22(1) expressly allows a deduction for attorney fees. The district court determined that attorney fees of thirty-three-and-one-third percent of the amount received were reasonable. We agree. *See Farris v. General Growth Dev. Corp.*, 381 N.W.2d 625, 626–27 (Iowa 1986); *see also Kirkpatrick v. Patterson*, 172 N.W.2d 259, 261–62 (Iowa 1969) (fee allowed under this section not to be measured by contingent fee contract between employee and attorney, but what is reasonable under the circumstances). The State's lien should accordingly be reduced by such an amount. Although section 85.22(1) does not expressly include a deduction for other litigation expenses, we include them as an adjunct to attorney fees. *Fisher*, 485 N.W.2d at 630.

We reverse the declaratory judgment entered by the district court and remand for entry of a judgment consistent with this opinion.

**REVERSED AND REMANDED.**