**Patrick Joseph TOOMEY, Appellee,**

v.

**SURGICAL SERVICES, P.C., and Neal N. Llewellyn, Appellees,**

**United Fire & Casualty Co., Intervenor–Appellant.**

**No. 95–1660.**

Supreme Court of Iowa.

Jan. 22, 1997.

John M. Bickel and Diane H. Kutzko of Shuttleworth & Ingersoll, P.C., Cedar Rapids, for intervenor–appellant.

Tom Riley and Nestor Lobodiak of the Tom Riley Law Firm, P.C., Iowa City, for appellee Toomey.

James A. Gerk and Webb L. Wassmer of Simmons, Perrine, Albright & Ellwood, P.L.C., Cedar Rapids, for appellees Surgical Services and Llewellyn.

Considered by McGIVERIN, C.J., and LARSON, LAVORATO, NEUMAN, and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

The question here is whether a workers' compensation carrier can validly assert an Iowa Code section 85.22(1) (1993) lien against any recovery an employee may obtain in a medical negligence action against the physician who treated the employee's injury. The district court ruled no such lien could be enforced. We agree and affirm. Accordingly, we also conclude that Iowa Code section

147.136, a provision limiting a plaintiff's recovery in a medical negligence case, applies to this case.

I. *Background facts and proceedings.* The parties do not dispute the facts underlying this controversy. On January 24, 1994, plaintiff Patrick Toomey was injured in the course of his employment with Neighborhood Centers of Johnson County. As a result of that injury, Toomey underwent bilateral hernia repair surgery performed by Dr. Neal N. Llewellyn of Surgical Services, P.C. Serious medical complications developed after the surgery, and Toomey brought a medical negligence action in district court against defendants Llewellyn and Surgical Services, alleging that those defendants negligently performed the surgery and failed to diagnose and treat the complications.[1] United Fire & Casualty Co. (United Fire), the workers' compensation carrier for Toomey's employer, determined that both Toomey's initial injury and the resultant complications were compensable, and the record shows United Fire has paid over $155,000 for weekly benefits and medical expenses for Toomey.

United Fire filed a workers' compensation lien in Toomey's medical negligence action, claiming a right under Iowa Code section 85.22(1) to recover the amounts it has paid and will pay in the future for Toomey's weekly benefits and medical expenses. *See* Iowa Code § 85.22(1). United Fire also filed a petition of intervention in the action, *see* Iowa Code § 85.22, and moved for summary judgment under Iowa Rule of Civil Procedure 237 based on its contention that it has a valid and enforceable lien under section 85.22(1) on any recovery in the medical negligence action. Plaintiff Toomey and defendants Llewellyn and Surgical Services resisted United Fire's motion for summary judgment. In addition, Toomey filed a reciprocal motion for summary judgment and Llewellyn and Surgical Services filed a cross-motion for summary judgment, arguing that Iowa Code section 147.136 precludes United Fire's workers' compensation lien because it prohibits a plaintiff's recovery for economic losses that have been replaced by

insurance or other sources. *See* Iowa Code § 147.136.

Determining that Iowa Code section 147.136 precludes a section 85.22(1) lien in a medical negligence action, the district court overruled intervenor United Fire's motion for summary judgment and sustained the motions of plaintiff Toomey and defendants.

United Fire appealed. *See* Iowa R.App. P. 1.

II. *Standard of review.* We uphold summary judgment when the moving party shows there is no material fact at issue and it is entitled to judgment as a matter of law. Iowa R. Civ. P. 237(c). To determine if the moving party has met its burden, we consider the record in the light most favorable to the party opposing summary judgment. *C–Thru Container Corp. v. Midland Mfg. Co.*, 533 N.W.2d 542, 544 (Iowa 1995). Summary judgment is appropriate where, as here, the facts are undisputed and only the legal consequences flowing from those facts are at issue. *Hameed v. Brown*, 530 N.W.2d 703, 707 (Iowa 1995). Thus, our review of the district court's decision is for errors of law. Iowa R.App. P. 4; *Cox v. Rolling Acres Golf Course Corp.*, 532 N.W.2d 761, 763 (Iowa 1995).

III. *Validity of United Fire's workers' compensation lien.* The sole issue in this appeal is whether Iowa Code section 147.136 precludes enforcement of a workers' compensation lien under section 85.22(1) in plaintiff Toomey's action against the defendant physician under the present facts.

Intervenor United Fire contends the district court erred in holding that United Fire does not have a valid and enforceable lien on any recovery by plaintiff Toomey in his medical negligence action against defendant physician who treated Toomey. It argues that if the application of both sections 85.22(1) and 147.136 in this case leads to an unfair result for Toomey, then we should decline to apply section 147.136 in this and other cases where a workers' compensation lien is asserted on any damages recovered in a medical negli-

---

1. A third defendant, Mercy Hospital, was earlier dismissed from the lawsuit.

gence action associated with treatment of the initial work-related injury.

On the other hand, plaintiff Toomey and defendants Llewellyn and Surgical Services urge that the purposes of sections 85.22(1) and 147.136 are better served by precluding enforcement of United Fire's lien.

For the reasons that follow, we believe that United Fire's lien should not be enforced against any recovery Toomey might receive in his medical negligence action.

A. *The competing statutes and the problem.* Iowa Code section 85.22 allows the injured employee to maintain a third-party action against a person other than the employer or one of the employer's employees when such person is legally liable for the injury. Section 85.22(1) provides in pertinent part:

> If compensation is paid the employee or dependent or the trustee of such dependent under this chapter, the employer by whom the same was paid, or the employer's insurer which paid it, shall be indemnified out of the recovery of damages [from the third party] to the extent of the payment so made ... and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which the employer or insurer is liable.

That statute serves both to prevent a double recovery for medical expenses and lost wages by the injured employee and to encourage employers to pay benefits by providing a means of recouping those payments. *Daniels v. Hi–Way Truck Equip., Inc.,* 505 N.W.2d 485, 488–89 (Iowa 1993); *Sourbier v. State,* 498 N.W.2d 720, 723 (Iowa 1993). We have held that this right of indemnity attaches to the injured employee's entire recovery. *Sourbier,* 498 N.W.2d at 724. However, we have never addressed this right in the context of the limitations on recovery imposed on a plaintiff by section 147.136 in a medical negligence case involving treatment of the work-related injury.[2]

Iowa Code section 147.136 provides:

> In an action for damages for personal injury against a physician and surgeon ... licensed to practice that profession in this state, or against a hospital licensed for operation in this state, based on the alleged negligence of the practitioner in the practice of the profession ... or upon the alleged negligence of the hospital in patient care, in which liability is admitted or established, *the damages awarded shall not include actual economic losses incurred or to be incurred in the future by the claimant by reason of the personal injury, including but not limited to, the cost of reasonable and necessary medical care,* rehabilitation services, and custodial care, and the loss of services *and loss of earned income, to the extent that those losses are replaced or are indemnified by insurance,* or by governmental, employment, or service benefit programs or from any other source except the assets of the claimant or of the members of the claimant's immediate family.

(Emphasis added.) The purpose of that provision is "to reduce the size of malpractice verdicts by barring recovery for the portion of the loss paid for by collateral benefits." *Heine v. Allen Memorial Hosp. Corp.,* 549 N.W.2d 821, 823 (Iowa 1996) (quoting *Rudolph v. Iowa Methodist Med. Ctr.,* 293 N.W.2d 550, 558 (Iowa 1980)). The legislature intended that such reduction in the size of verdicts would reduce malpractice insurance premiums, helping to assure the public of available and affordable health care. *Id.*

Thus, the application of both statutory provisions in the same case not only would preclude a "double recovery" by the injured employee for economic losses, but also could cause the employee to have a "double reduction" by requiring the plaintiff employee to reimburse the workers' compensation carrier from any non-economic recovery as for pain and suffering and disability.

For example, application of section 147.136 would preclude plaintiff Toomey from recov-

---

2. Although we found in *Sourbier,* 498 N.W.2d at 724, that the employer could recoup payments made for medical expenses out of the employee's recovery of damages for pain and suffering, the injured employee in that case deliberately refused to submit to the jury some medical expenses paid by the employer. In contrast, the present case involves a statutory bar on recovery of medical expenses by the plaintiff.

ery against defendant physician for (a) medical expenses and (b) loss of earned income that have been paid to Toomey as workers' compensation benefits by United Fire. Thus, under section 147.136, plaintiff could recover only damages such as (c) pain and suffering and (d) physical disability from defendant physician. However, application of section 85.22(1) would allow United Fire to recoup the amounts it paid for plaintiff Toomey's medical bills and lost wages (categories a and b above) from Toomey's recovery for those other items of damages (categories c and d). Accordingly, plaintiff Toomey would not have any "double recovery" for economic losses of medical bills and lost wages, but instead would be subject to a "double reduction" for such losses because United Fire would be recouping its payments from any noneconomic damages (for pain and suffering and disability) that plaintiff Toomey might recover from defendant physician.

United Fire contends we should enforce its section 85.22(1) lien and either: (1) refuse to enforce section 147.136 and allow plaintiff Toomey to recover medical expenses and lost earned income from defendant physician; or else (2) enforce section 147.136 and just allow United Fire to recoup its payments from the other damages Toomey is allowed to recover under section 147.136 from defendant physician.

Plaintiff Toomey and defendant physician assert that the district court was correct in refusing to enforce a section 85.22(1) lien in the present factual situation. That outcome prevents an unfair "double reduction" on Toomey's recovery and preserves the policy reasons for enactment of section 147.136.

B. *Prior situations where section 85.22(1) not enforced.* This court has previously found that some liens under Iowa Code section 85.22(1) are unenforceable. In *March v. Pekin Insurance Co.,* 465 N.W.2d 852, 854 (Iowa 1991), we held that a section

85.22(1) lien did not extend to underinsured motorist benefits received under a private insurance contract. We also determined that a workers' compensation lien could not attach to legal malpractice proceeds stemming from a personal injury suit against a third-party tortfeasor. *Sladek v. K Mart Corp.,* 493 N.W.2d 838, 841 (Iowa 1992). More recently, we concluded that employers and workers' compensation carriers are not entitled to indemnification against third-party tortfeasors for payments made to the Second Injury Fund. *Daniels,* 505 N.W.2d at 489. In that case, we found that payments to the Second Injury Fund "are a separate and distinct class not recoverable under section 85.22" and noted that there was no double recovery, because the decedent workers' estates had received no benefit from those payments. *Id.* These decisions make clear that the purposes served by section 85.22(1) liens must sometimes yield to other statutory provisions and policy concerns.

We have also indicated that a workers' compensation lien under section 85.22(1) may be conditioned on the employee's right of recovery. In *Nieman v. Heil Co.,* 471 N.W.2d 790, 791 (Iowa 1991), we noted that "[t]he employer's right to a lien and to indemnification from an award of damages against a third party presupposes the claimant's right to recover those elements of damage for which workers' compensation has already been paid." That language suggests that an employer may assert a lien only for those elements of damages that are recoverable by the employee from a third party.[3]

C. *Statutory construction rules.* In attempting to discern the legislature's intent with regard to Iowa Code sections 85.22(1) and 147.136, we are mindful of the rules of statutory construction set forth in Iowa Code chapter 4. If a conflict between two statutory provisions is irreconcilable, the special provision must prevail as an exception to the

---

**3.** Some courts in other jurisdictions have concluded that an employer or insurer is not entitled to reimbursement for elements which by statute are not recoverable by the employee. *See McCrae v. Marques,* 688 F.Supp. 653, 655 n. 4 (D.D.C.1987) (stating that employer could not assert lien against employee's third-party recovery because statute precluded employee's recovery of damages for economic losses); *Travelers Ins. Co. v. Collella,* 169 N.J.Super. 412, 404 A.2d 1250, 1251–52 (App.Div.1979) (disallowing workers' compensation lien where statute limited employee's recovery from public entity tortfeasor to those losses not covered by workers' compensation insurance).

general provision. Iowa Code § 4.7. In addition, the statute later in date of enactment prevails. *Id.* § 4.8. Applying those principles here, we believe that section 147.136, which was enacted much more recently, *see* 1975 Iowa Acts ch. 239, § 16, than section 85.22, *see* 1913 Iowa Acts ch. 147, § 7, and addresses a specific aspect of tort recovery, can be construed as an exception to section 85.22.

D. *Weighing of policy considerations.* When we weigh the competing policy interests underlying sections 85.22(1) and 147.136, it is apparent that the result reached by the district court better reflects the legislature's intent.

Giving effect to section 147.136 in this case and disallowing United Fire's lien promotes the legislature's desire that malpractice claims be limited in order to reduce malpractice insurance premiums and assure availability of health care. This is the more recent pronouncement of the legislature. In addition, plaintiff Toomey will not receive a double recovery. Indeed, allowing a lien under section 85.22(1) would lead to a double reduction for Toomey, a result which clearly would be unfair. *See Schonberger v. Roberts,* 456 N.W.2d 201, 203 (Iowa 1990) (declining to apply statute literally because such application would lead to the "absurd result" of a double reduction). The primary purpose of Iowa Code chapter 85 is to benefit the worker like plaintiff Toomey, *see McSpadden v. Big Ben Coal Co.,* 288 N.W.2d 181, 188 (Iowa 1980), and denying enforcement of the workers' compensation lien of United Fire accomplishes that purpose here.

Although our conclusion means that United Fire cannot recoup payments made for Toomey's economic losses in the form of medical expenses and weekly compensation, we believe it is more equitable for the insurer, which has been paid a premium for the workers' compensation coverage, to bear the loss. As stated in *Zacher v. American Insurance Co.,* 243 Mont. 226, 794 P.2d 335, 338 (1990):

the basic conclusion is that when the amount recovered by a claimant is less than the claimant's total loss, with a result that either the claimant or the insurer must to some extent go unpaid, then it is equitable that the loss be born by the insurer which had been paid an insurance premium for the assumption of its liability.

The same is true of an employer, who can better bear the loss as a cost of doing business, rather than the employee.

IV. *Disposition.* Because of the obvious conflict, under the factual situation involved here, between Iowa Code sections 147.136 and 85.22(1) and the policy reasons underlying them, we suggest that the legislature consider the adverse effect of our decision today on employers and their workers' compensation carriers and then act, or not, as it deems appropriate concerning future similar cases.

We conclude that the district court did not err in denying United Fire's motion for summary judgment and granting plaintiff Toomey's and defendants Llewellyn's and Surgical Services' reciprocal and cross-motions for summary judgment. We have considered other arguments raised by the parties on appeal and find them to be not preserved or without merit. We affirm the district court's judgment.

**AFFIRMED.**