# IN THE COURT OF APPEALS OF IOWA

No. 22-1787
Filed December 20, 2023

**CHERYL MCKOY a/k/a CHERYL JACOBSON,**
    Petitioner-Appellant,

**vs.**

**TWIN CITY FIRE INSURANCE COMPANY and ITA GROUP, INC.,**
    Respondent-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

An employee appeals the district court's ruling on judicial review of the workers' compensation commissioner's decision. **AFFIRMED.**

Robert E. Tucker of Tucker Law Office, Des Moines, for appellant.

Jessica R. Voelker (until withdrawal), Caitlin R. Kilburg, and Garrett A. Lutovsky of Engles, Ketcham, Olson & Keith, P.C., Omaha, Nebraska, for appellees.

Considered by Greer, P.J., and Ahlers and Buller, JJ.

**AHLERS, Judge.**

Cheryl McKoy suffered an injury while attending a work-related seminar in 2015. McKoy made a claim for workers' compensation benefits. Her employer, ITA Group, Inc. (ITA), through its workers' compensation insurance carrier, Twin City Fire Insurance Company (Twin City), paid McKoy workers' compensation benefits totaling $148,501.60—$43,616.13 of medical benefits and $104,885.47 of disability benefits. We will refer to ITA and Twin City collectively as "the employer."

In addition to her workers' compensation claim, McKoy pursued a third-party tort claim against persons and entities she claimed were responsible for her injury. She reached a settlement with the third parties for $175,000.00. The employer filed a notice in the third-party action consenting to the settlement and reserving its rights under Iowa Code section 85.22(1) (2020). After the employer filed the notice, McKoy signed a release and settlement agreement (release). No other party signed the release. The release states that the settlement covers "pain and suffering, loss of function, and medical bills" but not "lost wages and loss of future earning capacity."

The employer filed another notice in the third-party action asserting its lien rights under section 85.22(1). The employer also filed a petition with the workers' compensation commissioner seeking enforcement of its lien rights under section 85.22(1). The matter was contested. McKoy asserted that the employer was not entitled to any of the settlement proceeds of the third-party action beyond the amount necessary to reimburse the employer for medical benefits paid because any settlement proceeds in excess of the amount needed to reimburse for medical benefits were for categories of damages not covered by the workers'

compensation benefits paid by the employer. The employer argued that it was entitled to recoup the entire amount of workers' compensation benefits it paid McKoy, less a pro rata share of attorney fees.

A deputy commissioner ruled that the employer was entitled to recoup its payments from the settlement proceeds pursuant to section 85.22(1), less the employer's pro rata share of attorney fees, awarding the employer $116,666.67 of the settlement proceeds. On intra-agency appeal, the workers' compensation commissioner affirmed the deputy commissioner's ruling in its entirety.

McKoy petitioned for judicial review, repeating the arguments she made before the agency. The district court denied McKoy relief.[1] McKoy appeals, arguing the employer is not entitled to any share of the settlement proceeds beyond the amount needed to reimburse the employer for medical benefits payments.

We review district court rulings on judicial review of agency decisions under Iowa Code chapter 17A. *Chavez v. M.S. Tech. LLC*, 972 N.W.2d 662, 666 (Iowa 2022). We apply section 17A.19(10) to determine whether we come to the same conclusions as the district court. *Ghost Player, LLC v. Iowa Dep't of Econ. Dev.*, 906 N.W.2d 454, 462 (Iowa 2018). Because "the legislature has not clearly vested the commissioner with authority to interpret" chapter 85, we review for correction

---

[1] Technically, the district court granted McKoy's petition for judicial review based on an issue pertaining to calculation of pro rata attorney fees and costs, reducing the employer's recovery to $97,660.46. Neither party challenges this adjustment to the calculation, and the adjustment is not an issue on appeal. As to the issue of whether the employer was entitled to recoup all of its payments (less pro rata share of attorney fees) from the proceeds of the settlement, the district court affirmed the commissioner. So, on the fighting issue on appeal, McKoy was denied relief.

of errors at law and do not defer to the agency's interpretation. *Chavez*, 972 N.W.2d at 666. But, "[w]e accept the commissioner's factual findings when supported by substantial evidence." *Id.* (alteration in original) (quoting *Gumm v. Easter Seal Soc. of Iowa*, 943 N.W.2d 23, 28 (Iowa 2020)). "Evidence is substantial if a reasonable mind would find it adequate to reach the same conclusion." *Evenson v. Winnebago Indus., Inc.*, 881 N.W.2d 360, 366 (Iowa 2016) (quoting *Coffey v. Mid Seven Transp. Co.*, 831 N.W.2d 81, 89 (Iowa 2013)). Evidence is not insubstantial just because it could lead to different conclusions. *Id.*

McKoy argues that Iowa Code section 85.22(1) only gives employers and insurers the right to reimbursement to prevent double recovery. Pared to its essence, McKoy argues that she crafted her third-party settlement such that, aside from compensation for medical bills, she was only compensated for damage elements not recoverable via workers' compensation (i.e., pain and suffering), so her employer has no right to any of the proceeds beyond reimbursement for medical benefits paid since they do not represent the types of damages that would result in double recovery for her.

We begin by noting that the parties dispute whether the language in the release—signed only by McKoy—is effective to categorize all the settlement proceeds as stated in that document. For purposes of discussion, we assume without deciding that the release effectively categorizes the proceeds as stated.

To resolve the parties' disagreement, we start with the language of section 85.22(1), which, in relevant part, states:

> If compensation is paid the employee . . . under this chapter, the employer by whom the same was paid, or the employer's insurer which paid it, shall be indemnified out of the recovery of damages to

the extent of the payment so made, with legal interest, except for such attorney fees as may be allowed, by the district court, to the injured employee's attorney . . . , and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which the employer or insurer is liable.

Our supreme court has squarely addressed how this statute impacts the issue raised by McKoy. In *Sourbier v. State*, the court determined that the phrase "the employer . . . shall be indemnified out of the recovery of damages" is ambiguous because it does not specify from which type of damages the employer shall be reimbursed. 498 N.W.2d 720, 723 (Iowa 1993). The court, "constru[ing] the statutory language consistent with our case law," determined that the statute allows the employer or insurer to be reimbursed out of damages for pain and suffering because such a construction furthers the purpose of the statute. *Id.* In other words, how the damages are categorized in the third-party action does not matter, as the lien applies to the entire pot of settlement funds. This construction is "the prevailing rule in the United States." *Id.* at 724.

McKoy argues the position opposite of that found by the supreme court in *Sourbier*. But we see no reason *Sourbier* would not govern this case. The facts cannot be distinguished from *Sourbier* in any meaningful way. The only real difference is that the pain and suffering award in *Sourbier* came from a jury verdict rather than a settlement. *See id.* at 722. If this difference mattered—and we do not believe it does—it would tend to cut in the employer's favor, as a jury verdict at least gives a measure of damages arrived at by neutral arbiters, as opposed to what happened here, which was a measure and categorization of damages arrived at unilaterally by McKoy in a release document signed only by her. Since the section 85.22 "lien is not limited to the amount awarded by the jury," *id.* at 724,

there is no persuasive reason it should be limited to amounts set by a settlement agreement.

There are exceptions to the holding in *Sourbier* that can limit an employer's ability to use section 85.22(1) to recoup its workers' compensation payments from the claimant's third-party action or settlement. But the instances in which the court has found it appropriate to so curb an employer's rights under section 85.22(1) have generally been limited to situations vastly different than the situation here, such as claims by parties other than the injured employee or when another statute applies to prevent double recovery. *See In re Est. of Sylvester*, 559 N.W.2d 285, 288 (Iowa 1997) ("Denying indemnification from the proceeds of a loss-of-consortium claim will not subvert the intention of section 85.22, which is to prevent double recovery."); *Bertrand v. Sioux City Grain Exch.*, 419 N.W.2d 402, 405 (Iowa 1988) (denying indemnification from a third-party settlement for a wrongful death suit, to the extent the proceeds never reached the employee's dependent); *Toomey v. Surgical Servs., P.C.*, 558 N.W.2d 166, 170 (Iowa 1997) (denying indemnification when Iowa Code section 147.136 prevented the plaintiff's tort recovery for losses already covered by workers' compensation benefits). None of the exceptions recognized by our cases apply here, so the holding in *Sourbier* controls.

McKoy tries to avoid the result *Sourbier* demands by relying on *Greenfield v. Cincinnati Ins. Co.*, 737 N.W.2d 112 (Iowa 2007). But we find *Greenfield* clearly distinguishable. In *Greenfield*, the court analyzed the intersection between the Iowa workers' compensation statute and the language of an underinsured-motorist policy governing the insurer's right to reimbursement. 737 N.W.2d at 117–22. The

issue arose when an injured employee sought and received recovery under the underinsured-motorist provisions of her employer's automobile policy. *Id.* at 115. The issue became how much of the underinsured-motorist claim her employer and its workers' compensation carrier could recoup under an offset provision of the underinsured-motorist policy for workers' compensation benefits it paid the employee. *Id.* at 116. Reviewing the terms of the underinsured-motorist policy, the court determined that the policy required a breakdown of the recovery into "elements of loss" followed by analysis of whether recovery is duplicative for each element. *Id.* at 119. This in turn limited the insurer's right to an offset only to funds paid for "elements of loss" that it had already paid to the worker as workers' compensation. *Id.* The court, recognizing that the workers' compensation statute does not authorize a worker to recover for pain and suffering, segregated that "element of loss" from the other elements and denied the insurer an offset for amounts attributable to that element. *Id.* at 121–22.

Nothing in *Greenfield* suggests the supreme court was stepping away from its holding in *Sourbier* in any way. In fact, *Sourbier* is not even mentioned in *Greenfield.* The lack of mention of *Sourbier* highlights the fact that the issue being decided in *Greenfield* was different from the issue decided in *Sourbier.* The *Greenfield* court was not interpreting section 85.22(1); it was interpreting how the underinsured-motorist policy affected the ability to utilize section 85.22(1) for recovery by the employer. *Compare Sourbier*, 498 N.W.2d at 723 (noting that courts look to the language and its context, that where there is ambiguity "the manifest intent of the legislature will prevail," that "[w]e construe the statutory language consistent with our case law" and "seek a reasonable construction that

will serve the purpose of the statute and avoid absurd results"), *with Greenfield*, 737 N.W.2d at 118–19 ("[T]he intent of the parties must control . . . . The insurance policy must be construed as a whole, with the words given their 'ordinary, not technical meaning [in order] to achieve a practical and fair interpretation' . . . the [interpretation] favoring the insured is adopted" when two meanings are possible. (internal citation omitted)). Because *Greenfield* is based on the language in the specific insurance policy, we decline to use *Greenfield* to limit the section 85.22(1) indemnification rights of the employer recognized by *Sourbier*.

McKoy's final argument is that the employer contracted away its right to reimbursement. We find this argument unpersuasive. For starters, it relies on the language of the release. But the employer is not a party to the release and cannot be bound by it. *Rent-a-Center, Inc. v. Iowa Civ. Rts. Comm'n*, 843 N.W.2d 727, 733 (Iowa 2014) ("It goes without saying that a contract cannot bind a nonparty." (quoting *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002))). At best we could view the notice of consent to settlement as a contract, but that document expressly reserved the employer's rights to reimbursement under section 85.22(1). *See DuTrac Cmty. Credit Union v. Radiology Group Real Est., L.C.*, 891 N.W.2d 210, 216 (Iowa 2017) ("If the intent of the parties is clear and unambiguous from the words of the contract itself, we will enforce the contract as written."). The employer did not waive any of its rights by signing and filing the notice of consent to settlement when the notice expressly reserved the rights McKoy claims the employer waived.

We come to the same conclusion as the district court that the commissioner did not err in finding the entire third-party tort recovery subject to reimbursement under Iowa Code section 85.22(1).

**AFFIRMED.**