No. 89-564

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

IN THE MATTER OF KENNETH ZACHER,

        Claimant and Appellant,

    -v-

AMERICAN INSURANCE COMPANY,

        Insurer, Petitioner and Respondent.

APPEAL FROM:    Workers' Compensation Court
                 Honorable Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Frank C. Richter, Richter & Torkelson, Billings, Montana

    For Respondent:

        Terry G. Spear, Billings, Montana

Submitted on Briefs: April 5, 1990

Decided: June 7, 1990

Filed:

_____
              Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

The Workers' Compensation Court held that the insurer, American Insurance Company, was entitled to assert a subrogation claim against the third party recovery of the claimant, Kenneth Zacher. Zacher appeals. We reverse and remand.

Mr. Zacher was an employee of Associated Pool Builders (Associated Pool). Associated Pool carried workers' compensation insurance through American Insurance Company (American). In May of 1984, Associated Pool was engaged in the construction of a swimming pool in Red Lodge, Montana. Mr. Zacher worked on that project. Associated Pool hired a subcontractor, Coutts Construction Company (Coutts), to excavate a trench leading to the pool. Coutts was insured by Commercial Union Insurance Company. (Commercial).

Coutts completed the trench excavation. Mr. Zacher and another Associated Pool employee then climbed into the trench in order to connect pipes running to the pool. The trench caved-in resulting in the burial of both men. As a result Mr. Zacher suffered complete paraplegia as well as other related physical problems. Mr. Zacher submitted his workers' compensation claim to American which paid benefits to him.

Subsequently Mr. Zacher sued Coutts for his personal injuries, alleging that the trench was negligently constructed because of a failure to properly shore-up or reinforce the ditch, or to properly slope the sides. The parties settled prior to trial, with

a payment of policy limits of $300,000 to Mr. Zacher by Commercial, the Coutts' insurer. American asserted its statutory lien against the $300,000 settlement with Mr. Zacher. American, the workers' compensation carrier, had not participated in the negotiation and settlement of the claim. The Workers' Compensation Court granted summary judgment to American, and awarded $129,889.01 plus accrued interest to American. Mr. Zacher appeals.

The sole issue is whether American is entitled to a subrogation interest in Mr. Zacher's settlement of his third-party tort claim with Coutts and American, its insurance carrier.

The crux of Mr. Zacher's contention is that the law does not support subrogation in this case because he has not yet received "full legal redress". While there has been no factual determination of the extent of his damages, Mr. Zacher estimates that his damages are in excess of $3.5 million. He therefore contends that his $300,000 settlement is not sufficient to amount to full legal redress. American contends that Mr. Zacher does not have such a right to full legal redress and urges that it is entitled to subrogation under § 39-71-414, MCA. We point out that the full legal redress argument is not controlling in this case.

The key statute is § 39-71-414, MCA (1983). It is important to note that the current 1989 statute differs substantially from the 1983 statute with regard to the subrogation rights of an insurer. Based upon the date of injury, the 1983 statute controls. Section 39-71-414, MCA (1983) provides in pertinent part:

> (1) [T]he insurer is entitled to subrogation for all compensation and benefits paid or to be paid under the

3

Workers' Compensation Act.

. . .

> (5) If the amount of compensation and other benefits payable under the Workers' Compensation Act have not been fully determined at the time the employee, . . . or the insurer have settled in any manner the action as provided for in this section, the division shall determine what proportion of the settlement shall be allocated under subrogation. The division's determination may be appealed to the workers' compensation judge.

The Workers' Compensation Court, in its application of the above statute, concluded that the insurer, American, was entitled to assert its subrogation claim. The Workers' Compensation Court concluded that the rule in Hall v. State Compensation Ins. Fund (1985), 218 Mont. 180, 708 P.2d 234. had been modified and essentially overruled by Meech v. Hillhaven West, Inc. (Mont. 1989), 776 P.2d 488, 46 St.Rep. 1058. The Workers' Compensation Court pointed out that in Hall, this Court relied on Article II, Section 16 of the Montana Constitution and the requirement of full legal redress as a basis for the decision. The Workers' Compensation Court concluded that the effect of Meech, was to overrule the full legal redress theory. We point out that Meech involved an interpretation of § 39-71-414, MCA, as modified by the 1987 Legislature. This amendment contained substantial changes in the rights of the carrier to claim subrogation.

It is true that under Hall, the majority referred to Article II, Section 16 of the Montana Constitution and White v. State (1983), 203 Mont. 363, 661 P.2d 1272, and the fundamental right of full legal redress and indicated that it would be an unconstitutional application of the statute to allow subrogation

4

rights when the claimant had not achieved full legal redress. However, that is not the primary basis for the opinion in Hall.

The primary theory of Hall was the conclusion that our decision in Skauge v. Mountain State Tel. & Tel. Co. (1977), 172 Mont. 521, 565 P.2d 628, was relevant. Hall pointed out that in Skauge, the claimants' rented home was destroyed by an explosion. The actual value of the property was over $11,000.00, but the insurance was only slightly over $4,000.00. In addressing the issue regarding the subrogation rights of the insurer, Hall quoted the following from Skauge:

> ". . . when the insured has sustained a loss in excess of the reimbursement by the insurer, the insured is entitled to be made whole for his entire loss and any costs of recovery, including attorney's fees, before the insurer can assert its right of legal subrogation against the insured or the tort-feasor." (Emphasis supplied.) (Citation omitted.)

Hall, 708 P.2d at 236. The majority opinion then reached the following conclusion in Hall:

> Applying this principle to the facts now before us, the State Fund is not entitled to any subrogation interest in the $25,000 settlement proceeds as claimant has not been made whole.

Hall, 708 P.2d at 236. The basic principle of Skauge as reaffirmed in Hall is that an insurer is not entitled to subrogation until a claimant has been made whole for his entire loss and any costs of recovery, including attorney fees. From the briefs, it is apparent that counsel have some significant problems in interpreting our decision in Hall. In part that arises from the holding in Hall where this Court stated:

5

> We hold that, in a case of reasonably clear liability, where a claimant is forced to settle for the limits of an insurance policy which, together with claimant's workers' compensation award, do not grant full legal redress to claimant, the insurer is not entitled to subrogation rights under § 39-71-414, MCA. <u>When claimant is made whole, subrogation begins.</u> (Emphasis added).

<u>Hall</u>, 708 P.2d at 237.

Considering <u>Hall</u> in the light of subsequent determinations by this Court, we conclude that the primary conclusion of the holding is contained in the last sentence which held that when a claimant is made whole, subrogation begins.

We have also considered Getten v. Liberty Mut. Ins. Co. (Mont. 1989), 782 P.2d 1267, 46 St.Rep. 1967. A key statement and holding of <u>Getten</u> is the following:

> The instant case presents a voluntary settlement (approximately 1.5 million dollars) for less than the upper limits of the applicable insurance policy (six million dollars). <u>We hold that appellant received full legal redress.</u> (Emphasis added.)

We conclude that the references to full legal redress have been confusing and we will attempt to rectify that confusion. A reference to <u>Skauge</u> emphasizes the basis for the <u>Skauge</u> rule which was applied in <u>Hall</u>. That theory of equitable limitation on legal subrogation was stated in <u>Skauge</u> as follows:

> Again we note, the doctrine of legal subrogation is applied to subserve the ends of justice and to do equity in the particular case under consideration . . .

This theory is not dependent upon a right of recovery of full legal redress under the Montana Constitution. It is based upon an equitable balancing of the rights of the insurer as compared to the

6

claimant. As previously quoted, the basic conclusion is that when the amount recovered by a claimant is less than the claimant's total loss, with a result that either the claimant or the insurer must to some extent go unpaid, then it is equitable that the loss be born by the insurer which had been paid an insurance premium for the assumption of its liability. While it is true that in a workers' compensation case such as the present case, the premium has been paid by the employer, there is no rational distinction between an insured under a house insurance policy and a claimant in connection with workers' compensation. The key aspect is that the insurer has been paid for the assumption of the liability for the claim, and that where the claimant has not been made whole, equity concludes that it is the insurer which should stand the loss, rather than the claimant. With the aim of eliminating confusion, we restate our holding in this subrogation case.

We hold that where a workers' compensation claimant recovers against a third party, an insurer has no subrogation rights until a claimant has been made whole for his entire loss and any costs of recovery, including attorney fees. In determining whether a claimant has been made whole, the amounts received and to be received under the workers' compensation claim shall be added to the amounts otherwise received or to be received from third party claims, and also added to the costs of recovery, including attorney fees; and when that total equals claimant's entire loss, then the insurer shall be entitled to subrogation from all amounts received by the claimant in excess of his entire loss, pursuant to § 39-

7

71-414, MCA (1983). To the extent that <u>Hall</u> and <u>Getten</u> contain requirements which may be interpreted as adding to the foregoing holding, <u>Hall</u> and <u>Getten</u> are expressly overruled. As a result, there will be no need for parties to consider whether or not full legal redress under the Constitution is involved and there will be no need to prove reasonably clear liability. We do emphasize that this opinion does not modify the actual decisions made in both <u>Hall</u> and <u>Getten</u>. The author points out that the foregoing in some measure contradicts his dissent in <u>Hall</u>. However, it is appropriate that under the rule of stare decisis, the holding in <u>Hall</u> on the equitable subrogation theory should be upheld.

The record before the Workers' Compensation Court does not establish as a matter of fact the extent of the loss, costs of recovery, and attorney fees so far as Mr. Zacher is concerned. We therefore hold that the matter is remanded to the Workers' Compensation Court in order that the court may make a factual determination as to whether Mr. Zacher has been made whole for his entire loss and any costs of recovery, including attorney fees. At that point the Workers' Compensation Court can make its appropriate order with regard to subrogation in accordance with the principles stated in this opinion.

Justice

We Concur:

Chief Justice

8

John Conway Harrison

Daniel G. Burr

William E. Hunt

R. C. McDonough

John C. Sheehy

_____
Justices