No. 02-570

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 290N

JEREMY RUHD,

        Petitioner and Appellant,

    v.

LIBERTY NORTHWEST INSURANCE
CORPORATION, and RICHARD BARBER,
d/b/a BARBER HOMES,

        Respondents and Respondents.


APPEAL FROM:    The Workers' Compensation Court of the State of Montana,
                    Honorable Mike McCarter, Judge Presiding

COUNSEL OF RECORD:

        For Appellant:

                Geoffrey C. Angel, Angel Law Firm, Bozeman, Montana

        For Respondents:

                Larry W. Jones, Senior Attorney, Liberty Northwest Insurance Corp.,
                Missoula, Montana


                              Submitted on Briefs:  November 7, 2002

                                     Decided:  December 10, 2002

Filed:

                                           Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Jeremy Ruhd (Ruhd) appeals from the summary judgment entered by the Workers' Compensation Court in favor of Respondents Liberty Northwest Insurance Corporation (Liberty) and Richard Barber, d/b/a Barber Homes.  We reverse and remand for further proceedings.

¶3    Ruhd raises three issues on appeal, which we state as follows:

¶4    1.   Did the Workers' Compensation Court err in determining that Ruhd, a permanently totally disabled worker, is not entitled to an impairment award?

¶5    2.   Did the Workers' Compensation Court's interpretation of the Workers' Compensation Act violate constitutional guarantees of equal protection and full legal redress?

¶6    3.   Did the Workers' Compensation Court err in failing to grant Ruhd's motion to amend his petition to maintain a class action and for joinder of claimants for purposes of common fund attorney fees?

BACKGROUND

¶7 Ruhd, while employed for Barber Homes, suffered a traumatic brain injury on November 23, 1999, when he fell two and a half stories from a scaffolding on which he was framing a house. He was permanently and totally disabled by his injuries, and his treating physician determined that Ruhd had a 74 percent whole person impairment rating according to the AMA Guide to Evaluation of Permanent Impairment, 5th Edition.

¶8 Liberty accepted liability for Ruhd's industrial injuries, paying medical, wage loss and total disability benefits, but denied Ruhd's claim for payment of an impairment award. On January 23, 2002, Ruhd filed a petition with the Workers' Compensation Court, seeking a determination that he was entitled to an impairment award. On June 18, 2002, Ruhd filed a motion to amend his petition to join similarly situated claimants in a class action, pursuant to Rule 23, M.R.Civ.P., and for common fund attorney fees pursuant to this Court's holding in *Murer v. State Fund* (1993), 257 Mont. 434, 849 P.2d 1036. Liberty opposed the motion, and moved for summary judgment, citing the Workers' Compensation Court's earlier decision denying payment of an impairment award for permanently, totally disabled workers in *Fisch, Frost, and Rausch v. State Compensation Insurance Fund,* 2000 MTWCC 56, which was then pending on appeal to this Court.

¶9 On July 23, 2002, the Workers' Compensation Court notified the parties that it would not revisit or overrule its decision in *Rausch*, and that it would either stay the proceedings herein pending the outcome of the appeal in *Rausch*, or enter judgment

adverse to Ruhd, at their direction. Both parties requested that the Workers' Compensation Court enter judgment against Ruhd. On August 7, 2002, the Workers' Compensation Court entered summary judgment in favor of Liberty based upon its decision in *Rausch* and did not address Ruhd's motion to amend his petition. Ruhd appeals from that judgment.

STANDARD OF REVIEW

¶10 We review the Workers' Compensation Court's conclusions of law to determine whether they are correct. *Rausch v. State Compensation Ins. Fund*, 2002 MT 203, ¶ 14, 311 Mont. 210, ¶ 14, 54 P.3d 25, ¶ 14. In workers' compensation cases, the law in effect at the time of the claimant's injury establishes the claimant's substantive right to benefits. *State Fund v. McMillan*, 2001 MT 168, ¶ 5, 306 Mont. 155, ¶ 5, 31 P.3d 347, ¶ 5.

DISCUSSION

¶11 Issue 1. Did the Workers' Compensation Court err in determining that Ruhd, a permanently totally disabled worker, is not entitled to an impairment award?

¶12 On September 5, 2002, this Court decided *Rausch v. State Compensation Ins. Fund,* supra. In *Rausch*, the Court held that permanently totally disabled workers are entitled to receive impairment awards under the 1991 and 1997 versions of the Montana Workers' Compensation Act, reversing the contrary conclusion reached by the Workers' Compensation Court. *Rausch*, ¶ 30. Ruhd and Liberty agree that Ruhd's claim to an impairment award under the 1999 version of the Act has been resolved by the Court's decision in *Rausch.* Liberty indicates that it will pay Ruhd the

4

benefits to which he is entitled, although an issue remains regarding the proper method of payment of those benefits under § 39-71-741, MCA, which will require further fact-finding and resolution on remand. Ruhd does not contest this assertion. Accordingly, we reverse the Workers' Compensation Court's denial of Ruhd's claim to an impairment award and remand for consideration of the method of payment. It is unnecessary, therefore, to address Ruhd's contention under Issue 2 that the Workers' Compensation Court's statutory interpretation violates constitutional guarantees.

¶13 Issue 3. Did the Workers' Compensation Court err in failing to grant Ruhd's motion to amend his petition to maintain a class action and for joinder of claimants for purposes of common fund attorney fees?

¶14 In granting summary judgment to Liberty on the substantive issue raised by Ruhd's petition, the Workers' Compensation Court did not address Ruhd's motion to amend his petition for class certification and for common fund attorney fees, and thus, these issues were not resolved by the Workers' Compensation Court.

¶15 Ruhd requests that we grant the relief he sought in the Workers' Compensation Court by entering an order certifying a class of similarly situated claimants insured by Liberty, which he argues is distinguished from the claimants at issue in *Rausch.* He further requests an order establishing his entitlement to common fund attorney fees for that class.

¶16  Liberty asserts that it has contacted legal counsel involved in the *Rausch* matter and that they are claiming attorney fees in Ruhd's case.  Liberty argues that because these issues have not been addressed by the Workers' Compensation Court, remand for consideration is appropriate.  We agree.  Because we do not have a record before us on any of the remaining issues, the Workers' Compensation Court is the appropriate forum for determination of these matters.

¶17  We reverse the judgment entered herein by the Workers' Compensation Court and remand for further proceedings consistent with this Opinion.

/S/ JIM RICE

We concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER

Chief Justice Karla M. Gray, specially concurring.

¶18    I concur in the Court's opinion.  I write separately only to state my continued belief that the Court erred in *Rausch*, for the reasons stated in my dissent to that opinion.  In my view, permanently totally disabled workers are not entitled to receive impairment awards in addition to their other workers' compensation benefits. *See Rausch*, ¶¶ 59-65 (Gray, C.J., dissenting). The Court having concluded otherwise, however, I am as bound by that conclusion as are all other Montanans.


                    /S/ KARLA M. GRAY