No. 02-794

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 44

ROBERT A. HAMAN,

       Plaintiff and Respondent,

  v.

MACO INSURANCE COMPANY,

       Defendant and Appellant.


APPEAL FROM:    District Court of the Eighth Judicial District,
                    In and for the County of Cascade, Cause No. CDV-01-495,
                    The Honorable Kenneth R. Neill, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

              Norman H. Grosfield, Utick & Grosfield, Helena, Montana

       For Respondent:

              J. David Slovak, Mark M. Kovacich, Lewis and Slovak, P.C., Great Falls,
              Montana


                      Submitted on Briefs:  May 22, 2003

                              Decided:   March 2, 2004

Filed:

                                      
                               Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 Following a jury award in favor of Respondent Robert Haman, Appellant Montana Association of Counties Joint Powers Insurance Authority (MACo) filed a motion for a reduction of judgment in the Eighth Judicial District Court, Cascade County. The District Court denied MACo's motion, and MACo appeals. We affirm.

¶2 We restate the sole issue on appeal as follows:

¶3 Did the District Court err when it determined that MACo was not entitled to a collateral source reduction of the jury's award?

## BACKGROUND

¶4 Robert Haman, a Cascade County Deputy Sheriff, was injured in the course and scope of his employment on July 23, 1998. Haman's injury occurred when his vehicle was struck by a vehicle driven by Kevin Kofod. At the time of the accident, Kofod was insured by State Farm Mutual Insurance Company. The vehicle operated by Haman was owned by Cascade County and insured by MACo. Haman was personally insured by Great Northwest Insurance Company, Inc. (Great Northwest).

¶5 On May 30, 2001, Haman filed a complaint against Kofod, alleging that Kofod's negligence was the cause of his injuries. Haman's complaint also named MACo and Great Northwest as defendants, in their capacity as underinsured motorist carriers. Haman subsequently settled his claims against Kofod and Great Northwest on January 31, 2002, and April 19, 2002, respectively. The case proceeded to jury trial on June 10, 2002. On June 12, 2002, the jury awarded Haman damages in the amount of $173,000. The jury's award

was then reduced by $130,000, to reflect the settlements Haman reached with Kofod and Great Northwest, leaving a remaining judgment of $43,000 against MACo.

¶6 Following the accident, Haman also received medical benefits from Montana Association of Counties Joint Powers Insurance Authority Workers' Compensation Trust (Workers' Compensation Trust) in the amount of $31,054.70. MACo and Workers' Compensation Trust are separate and distinct insurance pools. As a result of Haman's receipt of benefits from Workers' Compensation Trust, MACo filed a motion requesting that the jury's award be reduced, pursuant to the collateral source reduction statute, on June 28, 2002. The District Court denied MACo's motion on September 19, 2002. MACo appealed on October 22, 2002.

## STANDARD OF REVIEW

¶7 We review a district court's conclusions of law to determine whether the court's interpretation of the law is correct. *Brumit v. Lewis*, 2002 MT 346, ¶ 12, 313 Mont. 332, ¶ 12, 61 P.3d 138, ¶ 12.

## DISCUSSION

¶8 Did the District Court err when it determined that MACo was not entitled to a collateral source reduction of the jury's award?

¶9 Section 27-1-308, MCA (1997), addresses collateral source reductions in actions arising from bodily injury or death. Section 27-1-308(1), MCA (1997), provides:

> In an action arising from bodily injury or death when the total award against all defendants is in excess of $50,000 and the plaintiff will be fully compensated for his damages, exclusive of court costs and attorney fees, **a plaintiff's recovery must be reduced by any amount paid or payable from**

3

**a collateral source that does not have a subrogation right.** [Emphasis added.]

MACo alleges that although Workers' Compensation Trust is a collateral source that paid medical benefits to Ha man, Workers' Compensation Trust does not have a subrogation right regarding such payments. Therefore, MACo asserts that it is entitled to a collateral source reduction of the jury's award, pursuant to § 27-1-308(1), MCA (1997).

¶10 The right of subrogation is addressed in § 39-71-414(1), MCA (1997), of the Workers' Compensation Act. Section 39-71-414(1), MCA (1997), provides, in pertinent part:

> If an action is prosecuted as provided for in 39-71-412 or 39-71-413 and except as otherwise provided in this section, the insurer is entitled to subrogation for all compensation and benefits paid or to be paid under the Workers' Compensation Act.

Thus, pursuant to § 39-71-414(1), MCA (1997), Workers' Compensation Trust has a right of subrogation if Haman's action was brought under §§ 39-71-412 or 413, MCA (1997).

¶11 The parties concede that § 39-71-413, MCA (1997), is inapplicable to the case at bar. Therefore, if Haman's complaint was not brought pursuant to § 39-71-412, MCA (1997), then Workers' Compensation Trust does not have a right of subrogation under § 39-71-414(1), MCA (1997).

¶12 Section 39-71-412, MCA (1997), provides:

> The right to compensation and medical benefits as provided by this chapter is not affected by the fact that the injury, occupational disease, or death is caused by the negligence of a third party other than the employer or the servants or employees of the employer. Whenever such event occurs to an employee while performing the duties of his employment and such event is caused by the act or omission of some persons or corporations other than his employer or the

4

servants or employees of his employer, the employee . . . shall, in addition to the right to receive compensation under this chapter, have a right to prosecute any cause of action he may have for damages against such persons or corporations.

¶13 Section 39-71-412, MCA (1997), authorizes an employee to prosecute an action against a third party, other than his or her employer or fellow employee, whose negligence was the cause of his or her injury. See also *State Compensation Ins. Fund v. McMillan*, 2001 MT 168, ¶ 7, 306 Mont. 155, ¶ 7, 31 P.3d 347, ¶ 7. In the instant case, Haman filed a complaint against Kofod, in which he asserted that Kofod's negligence was the cause of his injuries. Such an action is clearly the type of action contemplated in § 39-71-412, MCA (1997). However, Haman's complaint also named MACo (Cascade County's underinsured motorist carrier) and Great Northwest (his personal underinsured motorist carrier) as defendants. This Court has previously concluded that underinsured motorist coverage is first-party coverage which is a carrier's direct promise to its insured to pay the insured for a loss. *Dill v. Thirteenth Judicial Dist. Court*, 1999 MT 85, ¶ 19, 294 Mont. 134, ¶ 19, 979 P.2d 188, ¶ 19. Accordingly, MACo contends that Haman's action against MACo is not a third-party action within the scope of § 39-71-412, MCA (1997).

¶14 While MACo correctly points out that underinsured motorist coverage is first-party coverage as between the insured and the insurer, this distinction is not dispositive of the instant issue. That is, when an underinsured motorist carrier accepts a premium from its insured for underinsured motorist coverage, it contractually establishes its own liability for the tort of another. *Dill*, ¶ 19. Here, Cascade County provided underinsured motorist coverage to its employees through MACo. Great Northwest provided underinsured motorist

5

coverage to Haman. Therefore, by accepting premiums from Cascade County and Haman for underinsured motorist coverage, MACo and Great Northwest contractually established their own liability for the torts of another.

¶15 Haman filed his complaint against Kofod as the tort-feasor, and against MACo and Great Northwest as underinsured motorist carriers. While Kofod's negligence was the direct cause of Haman's injuries, MACo and Great Northwest were also liable for such injuries, because of their roles as underinsured motorist carriers. That is, MACo and Great Northwest "stood in the shoes" of Kofod, for the purpose of fulfilling their contractual obligations as underinsured motorist carriers. Consequently, Haman's action, brought against a third party tort-feasor, and those "standing in the shoes" of the tort-feasor, was brought pursuant to § 39-71-412, MCA (1997).

¶16 In light of our above holding that Haman's action was brought pursuant to § 39-71-412, MCA (1997), Workers' Compensation Trust has a right of subrogation under § 39-71-414(1), MCA (1997). This holding is consistent with *Schuff v. A. T. Klemens & Son*, 2000 MT 357, ¶ 109, 303 Mont. 274, ¶ 109, 16 P.3d 1002, ¶ 109, in which we stated that: "Under § 39-71-414, MCA, a workers' compensation insurer 'is entitled to subrogation for all compensation and benefits paid or to be paid under the Workers' Compensation Act.'" Further, because Workers' Compensation Trust has a right of subrogation under § 39-71-414(1), MCA (1997), the benefits it paid to Haman cannot be deducted as a collateral source under § 27-1-308(1), MCA (1997). See also *Schuff*, ¶ 109. Accordingly, the District Court did not err when it determined that MACo was not entitled to a collateral source reduction

of the jury's award.

¶17     For the foregoing reasons, the judgment of the District Court is affirmed.


                                                    /S/ JIM REGNIER


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER

Justice James C. Nelson dissents.

¶18    I dissent from the Court's decision that MACo is not entitled to a collateral source

reduction of the jury's award in this case.

¶19    Section 27-1-308, MCA, the collateral source reduction statute, provides as follows:

(1)    In an action arising from bodily injury or death when the total award
against all defendants is in excess of $50,000 and the plaintiff will be
fully compensated for his damages, exclusive of court costs and
attorney fees, a plaintiff's recovery must be reduced by any amount
paid or payable from a collateral source that *does not have a
subrogation right.*

(3)    The jury shall determine its award without consideration of any
collateral sources. After the jury determines its award, reduction of the
award must be made by the trial judge at a hearing and upon a separate
submission of evidence relevant to the existence and amount of
collateral sources. Evidence is admissible at the hearing to show that
the plaintiff has been or may be reimbursed from a collateral source
that *does not have a subrogation right.* [Emphasis added.]

¶20    From this language, MACo concludes, correctly in my view, that only when a

collateral source does not have a right of subrogation can a party properly reduce a separate

damage award. Therefore, MACo is entitled to a reduction of the judgment if the MACo

Workers' Compensation Trust has no subrogation right against Haman's judgment.

¶21    Section 39-71-414, MCA, provides:

[*i*]*f an action is prosecuted as provided for in 39-71-412 or 39-71-413* and
except as otherwise provided in this section, the insurer is entitled to
subrogation for all compensation and benefits paid or to be paid under the
Workers' Compensation Act. [Emphasis added.]

¶22    Under the plain and unambiguous language of this statute, i.e., the italicized portion,

the MACo Workers' Compensation Trust has no right of subrogation because Haman's

action against his underinsured motorist carrier was not an action brought under either § 39-

8

71-412, MCA, or § 39-71-413, MCA. The latter section provides for an additional cause of action by an injured employee to determine liability of a fellow employee for intentional and malicious actions. Neither party argues that § 39-71-413, MCA, is applicable in this case as Haman's action was not against a fellow employee for intentional acts.

¶23 Section 39-71-412, MCA, provides for an additional cause of action by an insured against a third party, other than an employer and fellow employee. Specifically, this section provides that:

> [t]he right to compensation and medical benefits as provided by this chapter is not affected by the fact that the injury, occupational disease, or death is caused by the negligence of a third party other than the employer or the servants or employees of the employer. Whenever such event occurs to an employee while performing the duties of his employment and such event is caused by the act or omission of some persons or corporations other than his employer or the servants or employees of his employer, the employee or in case of his death his heirs or personal representative shall, in addition to the right to receive compensation under this chapter, have a right to prosecute any cause of action he may have for damages against such persons or corporations.

¶24 Haman did, indeed, bring an additional cause of action against a third party other than his employer or fellow employee. He sued Kofod, the negligent tortfeasor. Kofod settled pretrial.

¶25 Section 39-71-414, MCA, makes repeated reference to third party actions against which subrogation is allowed. Haman's cause of action at issue here, however, is against his employer and his employer's uninsured motorist carrier, i.e., MACo. Haman's action is not a third party tort action but, rather, is a first party contract action. Underinsured motorist coverage is first party coverage which is a carrier's direct promise to its insured to pay the insured for a loss. Our case law makes clear that such disputes are governed by contract law and not by tort law. *See, e.g., Dill v. Thirteenth Judicial Dist. Court*, 1999 MT 85, 294

Mont. 134, 979 P.2d 188; *State Farm v. Estate of Braun* (1990), 243 Mont. 125, 793 P.2d 253.

¶26 Haman's present action is not a third party action as provided for in either § 39-71-412, MCA, or § 39-71-413, MCA. Haman's action against MACo is a first party contract action and, as such, does not entitle MACo Workers' Compensation Trust to subrogation under the italicized language of § 39-71-414, MCA. MACo's conclusion in this regard is supported by case law of other jurisdictions. *See, e.g., Liberty Mut. v. Kinser* (Tex. App. 2002), 82 S.W.3d 71 (workers' compensation insurer not subrogated to the insured's right to collect from an underinsured motorist insurer because: (1) the underinsured motorist insurer's obligation is based on a contract; (2) the underinsured motorist insurer did not cause the injuries to the insured; and (3) the underinsured motorist insurer is not a third party); *Dodd v. Middlesex Mut. Assur. Co.* (Conn. 1997), 698 A.2d 859 (employee's insurer was "not the alter ego" of the tortfeasor, and, as such, was not the third party because that position was held by the actual tortfeasor); *Allied Mutual Insurance Company v. Larriva* (Ariz. Ct. App. 1973), 507 P.2d 997 (employee's insurer cannot be deemed the "alter ego" of the tortfeasor, for it insures the employee against risk of inadequate compensation and not against liability by the tortfeasor); *State Comp. Ins. Fund v. Gulf Ins. Co.* (Colo. App. 1981), 628 P.2d 182 (uninsured motorist insurer does not become the "alter ego" of the tortfeasor by simply providing protection to its insured for injuries caused by the tortfeasor).

¶27 As MACo stands in a first party relationship to Haman, the MACo Workers' Compensation Trust has no right of subrogation under § 39-71-414, MCA. As a result, the collateral source statute, § 27-1-308, MCA, applies for past medical benefits and future

medical benefits, and MACo is entitled to a dollar-for-dollar reimbursement of the amount paid by the MACo Workers' Compensation Trust.

¶28 Haman argues that his action to recover personal injury caused by the negligence of Kofod is a third party action under § 39-71-412, MCA. While that is in fact true, the lawsuit here is by Haman against his underinsured motorist carrier, which, as pointed out above, is not a third party action, but is a first party action. Thus, by reason of the italicized language in § 39-71-414, MCA, MACo Workers' Compensation Trust has no statutory right of subrogation and, therefore, is entitled to the collateral source offset.

¶29 The Court contends that its holding is consistent with *Schuff v. A.T. Klemens & Son*, 2000 MT 357, ¶ 109, 303 Mont. 274, ¶ 109, 16 P.3d 1002, ¶ 109. In my view, *Schuff* is inapposite because *Schuff* involved a third party action, not a first party action. *Schuff*, ¶ 6.

¶30 Of additional concern, is the Court's statement that "MACo and Great Northwest 'stood in the shoes' of Kofod, for purposes of fulfilling their contractual obligations as underinsured motorist carriers. Consequently, Haman's action, brought against a third party tort-feasor, and those 'standing in the shoes' of the tort-feasor, was brought pursuant to § 39-71-412, MCA (1997)." In this statement, the Court equates MACo and Great Northwest with the tortfeasor himself and by that artifice concluded that Haman's action against MACo is really a third party action and not what it actually is, a first party action. The Court cites no authority for the proposition that the injured person's underinsured motorist carrier "stands in the shoes" of the tortfeasor. In this statement, however, the Court has effectively blurred out of existence the distinction between first party and third party actions. Indeed,

11

the majority has adopted the "insurer-is-the-alter-ego-of-the-tortfeasor" rule that other jurisdictions have specifically rejected. *See supra* ¶ 9. I cannot agree.

¶31     I would hold that MACo is entitled to a collateral source reduction of the jury's award in this case, and I dissent from our failure to do so.

/S/ JAMES C. NELSON

Justice W. William Leaphart joins in the dissent of Justice James C. Nelson.

/S/ W. WILLIAM LEAPHART

Justice Jim Rice joins in the dissent of Justice James C. Nelson.

/S/ JIM RICE